## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

GERARD SZUBIELSKI,                      :
                                        :
            Plaintiff,                  :
                                        :
        v.                              : Civ. No. 15-984-RGA
WARDEN DAVID PIERCE, et al.,            :
                                        :
            Defendants.                 :
                                        :

---

Gerard Szubielski, James T. Vaughn Correctional Center, Smyrna, Delaware,
Pro Se Plaintiff.


### MEMORANDUM OPINION


January 26, 2016
Wilmington, Delaware

*Richard G. Andrews*

**ANDREWS, U.S. District Judge:**

Plaintiff Gerard Szubielski, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5).  The Court proceeds to review and screen the Complaint (D.I. 3) and its amendment (D.I. 7) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).  Plaintiff has also moved to amend the complaint and requests counsel.  (D.I. 8, 9).

BACKGROUND

In early 2007, Plaintiff was transferred to the VCC and housed in maximum security ("SHU").  Once a year, Plaintiff is classified by the classification board that consists of Defendants Major Jeffrey Carothers (the warden's designee), classification administrator Jayme Jackson, and a few others.  Plaintiff has remained classified to SHU since 2007.

In early 2015, Plaintiff wrote to Defendant Warden Pierce and requested a transfer from SHU.  Warden Pierce replied that he would consider the transfer shortly after classification in August 2015.  Around July 2015, the ACLU and Community Legal Aid filed a § 1983 lawsuit against the Delaware Department of Correction regarding the treatment of the mental health provided inmates in SHU, and the length of time they are housed there.  The inmates were not specifically named in the lawsuit.  Plaintiff alleges, however, that his story was detailed in the lawsuit and that DOC attorneys were given the names of the inmates.

On September 1, 2015, the Institutional Based Classification Committee classified Plaintiff to medium security, medium high programs, and inmate worker.  Shortly after September 1, 2015, Plaintiff was notified by Lt. Mark Daum that Warden

Pierce "did an over-ride and stopped" Plaintiff's transfer from SHU.  Plaintiff alleges that he has met all the requirements for a transfer from SHU.  Plaintiff alleges he has been retaliated against since the filing of the ACLU lawsuit, through excessive shakedowns and by Warden Pierce keeping him housed in SHU despite Plaintiff's medium security classification.

Plaintiff also alleges unlawful conditions of confinement resulting from extreme isolation and inadequate medical care over an extended period of time, from January 2007 to date.  Plaintiff alleges that Warden Pierce is aware of the conditions and the harm that solitary confinement imposes upon Plaintiff.  He complains of 24-hour cell confinement, limited recreation, extreme social isolation, environmental deprivation, limited telephone calls, and limited visits.

Plaintiff suffers from schizophrenia, severe manic depression, and an anxiety disorder.  He alleges that his conditions were under control until early 2012 when his medications were taken from him as they were no longer on the DOC approval list. Plaintiff states that he is not on any medication at the present time because side effects do not allow him to be properly treated.  His mental health treatment is limited and/or non-existent.  Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.

### SCREENING OF COMPLAINT AND ITS AMENDMENT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448,

2

452 (3d Cir. 2013).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his

3

complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, ___F.3d___, 2016 WL 106159, at *4 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Plaintiff will be allowed to proceed against Warden Pierce on the retaliation claim and conditions of confinement claim, and due process claim with regard to Plaintiff's classification and housing assignment in SHU. *See Shoats v. Horn*, 213 F.3d 140, 144(3d Cir. 2000) (Appellate Court has no difficulty concluding that eight years in

administrative custody, with no prospect of immediate release in the near future, is "atypical" in relation to the ordinary incidents of prison life, and that inmate's eight-year confinement subjects him to conditions that differ significantly from "routine" prison conditions in state institutions.).

The complaint and its amendment contain no allegations against Defendant David Parker. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.). In addition, the scant allegations against Carothers and Jackson do not rise to the level of constitutional violations. Therefore, the Court will dismiss the claims against Parker, Carothers, and Jackson as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Since it is possible that Plaintiff may be able to articulate a claim against these defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007).

## MOTION TO AMEND

Plaintiff moves to amend to add three defendants (Ronald Hosterman, IBCC classification members, and E. Stevenson) and to include "all inmates" housed in the VCC SHU-Max units of Buildings 17, 18, 19, 21, and 23, "under circumstances the defendants know to be in violation of the Due Process Clause." (D.I. 9). Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days

after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires. Plaintiff has already amended his complaint once as a matter of course. (*See* D.I. 7).

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

There is no indication in Plaintiff's motion why he seeks to add new defendants. Nor may Plaintiff, a non-attorney, bring claims on behalf of other inmates who are housed in SHU-Max units. As a non-attorney, Plaintiff may not act as an attorney for other individuals and may only represent himself in this Court. *See* 28 U.S.C.

§ 1654; *see also Osei-Afriye v. The Med. Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children). Accordingly, the Court will deny without prejudice the motion to amend. (D.I. 9). To the extent that Plaintiff wishes the matter to proceed as a class action, the court will revisit the issue should Plaintiff find counsel willing to undertake a class action.

REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that the case contains complex issues, he has limited knowledge of the law, he has a serious mental health disorder, he does not have the ability to present his case, he is unskilled in the law, expert testimony will be necessary, he cannot afford counsel, and providing counsel would serve the best interests of justice. (D.I. 8).

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire *sua sponte* under Rule 17(c)(2), whether a *pro se* litigant is incompetent to litigate his action and, therefore, is entitled to either appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

The court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been

7

treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *Powell*, 680 F.3d at 303.

In the instant action, Plaintiff makes bald allegations of mental illness. Plaintiff has not submitted any verifiable evidence of incompetence to this court. Thus, this court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

8

incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.  *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel.  The Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted and, to date, the filings in this case demonstrate Plaintiff's' ability to articulate his claims and represent himself.  Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's request for counsel.

CONCLUSION

For the above reasons, the Court will deny without prejudice to renew Plaintiff's request for counsel (D.I. 8); will deny without prejudice Plaintiff's motion for leave to amend (D.I. 9); and will dismiss Defendants David Parker, Jeffrey Carothers, and Jayme Jackson pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  Plaintiff will be given leave to amend his complaint.  Finally, Plaintiff will be allowed to proceed with his claims against Warden David Pierce.

An appropriate order will be entered.