IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERARD SZUBIELSKI, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-984-RGA |
| WARDEN DAVID PIERCE, | : |
| Defendant. | : |

**MEMORANDUM**

Plaintiff Gerard Szubielski is a prisoner incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. He filed a Complaint (D.I. 3) on October 28, 2015, pursuant to 42 U.S.C. § 1983. On May 6, 2016, Plaintiff filed a motion for injunctive relief and advised the Court that he is being retaliated against for filing law suits. The alleged retaliation consists of excessive delay in the delivery of incoming mail and the posting of outgoing mail.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v.*

*Correctional Med. Services, Inc.,* 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff commenced this case in October 2015. He alleges that in early February 2016, he was informed, per the instructions of Defendant Warden David Pierce, that he would not receive non-legal mail on a regular basis and instead, would receive his mail once a week. Plaintiff contends that incoming non-legal mail is delayed and outgoing non-legal mail is held from seven to twelve days, and sometimes longer, all in violation of his First Amendment rights.[1] Plaintiff has not "officially" been told by Pierce what is the cause for the delay, but staff members told Plaintiff that another inmate indicated that Plaintiff was receiving contraband through the mail. Plaintiff contends the excessive delay in receiving and sending his mail is in retaliation for filing this complaint and because he is one of six inmates detailed in a civil action filed in this Court against the Delaware Department of Correction by the ACLU, *Community Legal Aid Society, Inc. v. Coupe*, Civ. No. 15-688-GMS.

Warden Pierce responds that Plaintiff's allegations are not the subject of his underlying claim. In addition, Warden Pierce argues that Plaintiff does not meet the requisites for injunctive relief. He states that, in the past, Plaintiff has received several disciplinary write-ups for the possession of contraband. In addition, Plaintiff's mail has been monitored since 2014 due to his involvement with contraband in the prison.[2]

---

[1] Plaintiff's mother complains that letters sent to her may not reach her for a week or longer. (D.I. 16).

[2] Plaintiff responds that the mail delay began in February 2016. He also notes that Delaware Department of Correction Policy No. 4.0 provides that incoming and outgoing letters are held no more than 48 hours and packages (if allowed) will be held

According to Pierce, the delay in receipt or delivery of mail is normally one week. Finally, Pierce argues that legitimate penological interests are served in searching Plaintiff's mail.

Prisoners have a First Amendment right to communicate with the outside world by sending and receiving mail. *Thornburg v. Abbott*, 490 U.S. 401(1989); *Turner v. Safely*, 482 U.S. 78 (1987). An inmate's rights, however, "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh*, 490 U.S. at 407 (citing *Turner*, 482 U.S. at 85). Thus, prison regulations may impinge upon an inmate's First Amendment right to receive or send mail so long as it is "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89.

Here, Warden Pierce indicates that the delay in incoming and outgoing mail is a result of contraband concerns legitimately arising from Plaintiff's history. "The opening and inspecting of [Plaintiff's] outgoing mail is reasonably related to the legitimate penological interest of institutional security." *Caldwell v. Beard*, 305 F. App'x 1, 2 (3d Cir. 2008) (citing *Altizer v. Deeds*, 191 F.3d 540, 547-48 (4th Cir. 1999). The Court further notes that Plaintiff has failed to allege any facts suggesting that the Warden's alleged actions caused him actual injury.

Upon review of the allegations made by Plaintiff and the evidence submitted, the Court concludes that Plaintiff has not met the requisites for injunctive relief. Plaintiff has not demonstrated the likelihood of success on the merits. Nor does the record reflect that denial of his motions will result in irreparable harm. Finally, granting injunctive

---

no more than 72 hours. (D.I. 22 at 3).

3

relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

For the above reasons, the court will deny the motion for injunctive relief. (D.I. 13). A separate order shall issue.

Dated: July \_\_1\_\_, 2016

UNITED STATES DISTRICT JUDGE