IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GERARD SZUBIELSKI,

Plaintiff,

v.

DAVID PIERCE, in his personal capacity,

and

DANA METZGER, in his official capacity,

Defendants.

Civil Action No. 1:15-cv-00984-RGA

**MEMORANDUM**

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (D.I. 63). The Parties have fully briefed the issues. (D.I. 64, 66, 67). For the reasons set out below, Defendants' Motion is **DENIED**.

**I.  BACKGROUND**

On March 2, 2007, Plaintiff was sentenced to life in prison as a habitual offender. *See Szubielski v. State*, 82 A.3d 730 (Del. 2013). The second amended complaint alleges that Plaintiff was then transferred to the James T. Vaughn Correctional Center ("VCC") and housed in maximum security ("SHU"), which is a "solitary confinement unit." (D.I. 59 at ¶¶ 12-13). Plaintiff was classified to SHU until October 2016. (*Id.* at ¶ 22). Defendant Pierce served as warden at the VCC from 2013 until 2017. (*Id.* at ¶ 7). Defendant Metzger is the current VCC warden. (*Id.* at ¶ 8).

Once a year, the Institutional Based Classification Committee ("IBCC") classifies Plaintiff. (*Id.* at ¶ 14). The classification assigned determines where he will be housed, for which privileges he will be eligible, and other aspects of his day-to-day life. (*Id.*). After each of Plaintiff's reviews from 2007-2014, the IBCC recommended Plaintiff's housing in maximum security. (*Id.* at ¶ 16)

In early 2015, Plaintiff wrote to Defendant Pierce and requested a transfer from SHU. (*Id.* at ¶ 17). Pierce replied that he would consider the transfer after the August 2015 classification review. (*Id.*). On August 6, 2015, the ACLU and Community Legal Aid Society, Inc. filed a Section 1983 lawsuit ("the *CLASI* lawsuit") against the Delaware Department of Correction over the mental health treatment provided to inmates in SHU and the length of time that they are housed there. *See Community Legal Aid Society, Inc. v. Coupe*, Civ. No. 15-688-GMS (D. Del.). Individual inmates were not named in the lawsuit, but Plaintiff was one of the exemplar inmates described in the complaint. (D.I. 59 at ¶ 18). The identities of the exemplar inmates were known by attorneys and officials at the DOC, including Defendant Pierce. (*Id.*).

The IBCC conducted its 2015 annual review on September 1, 2015 and classified Plaintiff to medium security, medium high programs, and inmate worker. (*Id.* at ¶ 20). On October 14, 2015, Defendant Pierce exercised his unilateral veto authority to retain Plaintiff in SHU. (*Id.* at ¶ 21).

## II.  LEGAL STANDARDS

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to

2

be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

### III. DISCUSSION

Defendants move to dismiss the case claiming: (1) Defendant Pierce is entitled to immunity from suit on Count I; (2) Plaintiff's retaliation claim in Count II against Defendant Pierce is implausible; and (3) Plaintiff has failed to state a cognizable claim against Defendant Metzger in Count III.

#### a. Count I

Plaintiff alleges that Defendant Pierce violated the Fifth and Fourteenth Amendments when he unilaterally vetoed Plaintiff's new IBCC classification. (D.I. 59 at ¶¶ 23-38). Defendant Pierce argues that the doctrine of qualified immunity shields him from liability for this alleged violation. (D.I. 64 at 5-8).

Qualified immunity protects government officials from insubstantial claims to "shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731,

3

743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity protects government officials performing discretionary functions unless: (1) the official's conduct violates "a statutory or constitutional right, and (2) [] the right was 'clearly established' at the time of the challenged conduct." *Id.* at 735.

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 741 (alteration in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "In other words, there must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited." *McLaughlin v. Watson*, 271 F.3d 566, 572 (3d Cir. 2001). To determine if a right is clearly established, the Third Circuit directs a court to look first for Supreme Court precedent. *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 169 (3d Cir. 2016). If there is none, then a court may rely on a "'robust consensus of cases of persuasive authority' in the Court of Appeals." *Id.* (quoting *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (per curiam)). "[A]lthough earlier cases involving 'fundamentally similar' facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

The two-step test as set forth in *Saucier v. Katz*, 533 U.S. 194 (2001), is often appropriate when analyzing qualified immunity. *Pearson*, 555 U.S. at 236. Under the *Saucier* test, first, the court examines whether the alleged conduct, taken in the light most favorable to Plaintiff, violated a constitutional right. *Saucier*, 533 U.S. at 201. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries

4

concerning qualified immunity." *Id.* If the allegations amount to the violation of a constitutional right, the court proceeds to the second inquiry and determines if the right was clearly established in the specific context of the case. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004); *Saucier*, 533 U.S. at 202 (noting that an officer is entitled to qualified immunity unless "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted").

As they did on summary judgment, Defendants frame the issue as "whether a prison official may use his or her authority to house an inmate in restrictive housing for several months." (D.I. 64 at 7 n.7; *see also* D.I. 43 at ¶ 5 n.3 (making an identical statement on summary judgment)). I have already rejected Defendants' characterization of the issue. (D.I. 48 at 9-10). Defendant Pierce cannot place his actions in a vacuum for the qualified immunity analysis. As I said before, the relevant question is "whether Plaintiff's continued confinement in SHU isolation for a period of more than eight years violated his constitutional rights." (*Id.* at 10).

When the question is properly framed, I cannot say that Defendant Pierce is entitled to qualified immunity at this point in the litigation. In *Shoats v. Horn*, the Third Circuit held that an inmate detained in virtual isolation for eight years was sufficiently atypical and significant to create a protected liberty interest. 213 F.3d 140, 143-44 (3d Cir. 2000). Although inmate Shoats's confinement was subject to regular reviews, the court did not address individual periods of time within the larger span. *Id.* at 145-47. Rather, the court's analysis discussed the prisoner's interest with reference only to the overall length of confinement. *Id.* at 143-44. The court found that the overall length of confinement gave inmate Shoats a liberty interest requiring some amount of process for continued detention. *Id.* Plaintiff, mirroring the circumstances of *Shoats*, alleges he was detained in SHU for more than eight years. Accordingly, Third Circuit precedent establishing Plaintiff's right to some amount of process was available to Defendant

5

Pierce when he exercised his veto in 2015. Whether Plaintiff was given appropriate process, as required by *Hewitt v. Helms*, 459 U.S. 460 (1983), is a factual question for another day.[1]

The conclusions I reach above do not vary from my summary judgment opinion. There, when addressing this same issue, I found that there was insufficient evidence to determine "if Plaintiff received the process he was due under the Fourteenth Amendment . . . once Defendant decided to continue Plaintiff's housing in SHU." (*Id.*). Because there has been no factual development in this case since my summary judgment opinion and the relevant law remains the same, I will not dismiss Count I.

### b. Count II

Plaintiff alleges in Count II that Defendant Pierce retaliated against him in violation of his First Amendment rights because he participated as an exemplar in the CLASI complaint. (D.I. 59 at ¶¶ 39-45). "Proof of a retaliation claim requires [a plaintiff] demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action." *Allen v. Prince*, 2013 WL 5273300, at *7 (D. Del. Sep. 17, 2013) (citing *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002)); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The First Amendment's clause granting the right to petition the government for grievances protects an individual's constitutional right of access to courts. *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997); *see also Anderson v. Warden of Berks Cty. Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (holding that the district court erred in rejecting plaintiff's retaliation claim

---

[1] Notably, the Third Circuit found no constitutional violation in *Shoats v. Horn*, 213 F.3d 140, 147 (3d Cir. 2000). However, inmate Shoats's confinement was reviewed every thirty days and he was given the opportunity to be personally interviewed during those reviews. *Id.* That process is considerably more than Defendant Pierce's unilateral action as alleged by Plaintiff.

when plaintiff had explicitly linked harassment by guards to his exercise of his First Amendment rights to serve as a witness). With respect to the second requirement, the Third Circuit has determined that "confinement in administrative segregation can constitute adverse action." *Szemple v. Talbot*, 141 F. App'x 52, 54-55 (3d Cir. 2005); *see also Allah v. Seiverling*, 229 F.3d 220, 225-26 (3d Cir. 2000) (placement in administrative confinement might "deter a person of ordinary firmness from exercising his First Amendment rights" (citation omitted)). Finally, "[t]he causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Allen*, 2013 WL 5273300, at *7.

Defendants' arguments as to why Plaintiff's complaint fails to pass the pleading standard are not persuasive. First, Defendants argue that Plaintiff did not raise the issue of retaliation in his two previous complaints. (D.I. 64 at 9). I disagree. I specifically noted Plaintiff's retaliation claim in my summary judgment opinion six months before Plaintiff filed his second amended complaint. (*See* D.I. 48 at 3).

Second, Defendants argue that Plaintiff's claim is implausible considering Plaintiff was an anonymous exemplar and Defendant Pierce was being sued by more than 150 parties at the relevant time. (D.I. 64 at 9). However, the number of parties adverse to Defendant Pierce does not by itself render Plaintiff's claim implausible. Moreover, the temporal proximity of Plaintiff's involvement with the *CLASI* lawsuit to Defendant Pierce's decision to veto his move out of SHU, standing alone, pushes the claim past the low threshold of plausibility.

Third, Defendants assert that Plaintiff's involvement with the *CLASI* complaint was not constitutionally protected. (*Id.*). Defendants do not support this assertion with any authority and I find the proposition dubious. The First Amendment protects individuals' right to freedom of

7

expression and right look to the Government for redress of grievances. *See* U.S. Const. Amend. I. The Third Circuit has held this right extends to a prisoner serving as a witness. *See Anderson*, 602 F. App'x at 895. I see no reason serving as an exemplar as a method of seeking redress or as a form of free expression should be less protected than serving as a witness. Thus, I will not dismiss Plaintiff's Count II.

### c. Count III

Claim III states a cognizable claim against Defendant Metzger in his official capacity.[2] When a suit names a Defendant in his official capacity, the suit is not a suit against the specific Defendant but, rather, is a suit against his office and, as such, it is no different from a suit against the State itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ali v*

---

[2] Defendants seem to argue that Plaintiff's Count III alleges that Defendant Metzger, in his individual capacity, violated Plaintiff's rights under the Fifth and Fourteenth Amendments by placing him in solitary confinement at an unspecified time after May 2017. (D.I. 59 at ¶¶ 46-52).

Defendants argue that Plaintiff fails to specify in his complaint "how each one of the named defendants violated [Plaintiff's] constitutional right" and fails to "plead sufficient facts to support the idea anyone violated Plaintiff's Constitutional rights during Metzger's tenure." (D.I. 64 at 10-11). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff's complaint alleges that Defendant Metzger was "personally involved with and/or knowingly acquiesces to the arbitrary and capricious imposition of solitary confinement on Mr. Szubielski." (D.I. 59 at ¶ 51). He further alleges that arbitrary and capricious confinement practices put him at risk of future harm and violation of his due process rights. (*Id.* at ¶ 47). On a motion to dismiss, I must accept Plaintiff's factual allegations as true. However, I need not do the same with Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678-79. Whether an action is arbitrary and capricious is such a legal conclusion. Plaintiff does not plead facts to support his legal conclusion of arbitrary and capricious action by Defendant Metzger in his individual capacity. The mere fact of solitary confinement does not plausibly support a legal conclusion of arbitrary and capricious action. Absent a plausible constitutional violation, a Section 1983 claim fails. Thus, Plaintiff has failed to sufficiently plead a claim against Defendant Metzger in his individual capacity. Of course, this matters very little as the complaint is clear that Plaintiff is suing Defendant Metzger in his official capacity. (D.I. 59 at ¶ 8).

8

*Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Further, while Section 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment, *Ali*, 353 F. App'x at 672, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citations omitted). Moreover, "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

The complaint, as amended, alleges facts supporting Plaintiff's claim that the warden of VCC acted unconstitutionally when he vetoed Plaintiff's move out of SHU in 2015. As I stated on summary judgment, whether Plaintiff received the process he was due when the warden made that determination remains an open question. (*See* D.I. 48 at 10-11). Plaintiff alleges that the warden exercised his veto arbitrarily and without explanation. (D.I. 59 at ¶ 15). Plaintiff further alleges that the conditions of SHU are very harmful to him considering his mental health issues. (*Id.* at ¶¶ 13, 47, 52). Thus, the complaint clearly alleges that the VCC warden, as an official, engaged in unconstitutional activity that violated Plaintiff's rights. Because official capacity suits continue regardless of the individual filling the role, this is sufficient to make out a claim against Defendant Metzger in his official capacity as warden.

Defendants next argue, as they did on summary judgment, that Plaintiff's claim is moot because Plaintiff is no longer housed in SHU and the *CLASI* settlement has changed SHU conditions. (D.I. 64 at 11). "The 'capable of repetition yet evading review' doctrine is an

exception to mootness that applies when '(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Parkell v. Danberg*, 833 F.3d 313, 333 (3d Cir. 2016) (quoting *United Indus., Serv., Transp., Prof'l & Gov't Workers of N. Am. Seafarers Int'l Union ex rel. Bason v. Gov't of V.I.*, 767 F.3d 193, 212 (3d Cir. 2014)). The exception is "narrow and available only in exceptional situations." *Rendell v. Rumsfeld*, 484 F.3d 236, 241 (3d Cir. 2007) (quotation marks omitted). I responded to Defendants' mootness argument in my summary judgment opinion, stating:

> I am not prepared to make this determination, particularly in light of the fact that Plaintiff is serving a life sentence, I have not been provided with any medical records regarding his alleged long-standing mental health condition, the record on this issue is not developed and, other than generalities, Defendant has not indicated how the agreement in [the *CLASI* lawsuit] applies to Plaintiff.

(D.I. 48 at 7). I stand by my summary judgment opinion. As additional support for his claim, Plaintiff has included allegations in his second amended complaint of actions taken under Defendant Metzger's wardenship that indicate that Plaintiff remains at an increased risk of a repeat incident. (D.I. 59 at ¶¶ 50-51).

All told, Plaintiff has alleged facts sufficient to plausibly support a claim that the challenged actions of the VCC warden were unconstitutional. Moreover, Plaintiff's claim is not moot on its face because, as I determined on summary judgment, the alleged unconstitutional actions may be capable of repetition.[3] Therefore, I will not dismiss Count III.

---

[3] Defendants further argue, "Plaintiff has failed to plead a claim that plausibly suggests that he is entitled to injunctive relief." (D.I. 64 at 13-14). Plaintiff has plead facts sufficient to support a plausible conclusion that he faces a threat of harm. The magnitude of that potential harm remains to be determined through fact discovery. Therefore, I decline to address, at this juncture, what remedies I might impose on Defendants if Plaintiff succeeds.

## IV. CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is **DENIED**. An order consistent with this opinion will follow.