IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERARD SZUBIELSKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-984-RGA |
| | : | |
| WARDEN DAVID PIERCE, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER AFTER PRETRIAL CONFERENCE**

Now, this 23rd day of June 2021, after a pretrial conference, and upon consideration of the proposed pretrial order (D.I. 143) and the discussion at the pretrial conference, IT IS HEREBY ORDERED that:

1. The Proposed Pretrial Order (D.I. 143) is **ADOPTED** as modified by any discussion at the pretrial conference.

2. A jury trial will begin on **WEDNESDAY, JULY 7, 2021**, at 9:30 a.m. with jury selection. Each party should be prepared to present its case until 5:00 p.m. of each trial day, although the end of the trial day may, in the discretion of the Court, be earlier than 5:00 p.m.

3. The trial is timed. Each side is allowed **6½ hours** for its opening statement and its direct and cross-examination of witnesses. Time during the trial day that does not neatly fit into one of those categories will be attributed to one side or the other as the Court thinks most appropriate. The amount of time allowed for closing argument will be decided during trial.

4. Trial counsel are to be present and ready to proceed at 9:00 a.m. each and every day of trial. **COUNSEL SHOULD UNDERSTAND THAT THERE MAY BE LONG LINES**

**(PARTICULARLY WHEN A JURY IS BEING SELECTED) TO ENTER THE COURTHOUSE AND SHOULD PLAN ACCORDINGLY.** Issues that need to be addressed outside the presence of the jury will be taken up at 9 a.m. and at the end of the day. There will be an hour for lunch and a fifteen-minute break in both the morning and the afternoon. The Court does not generally want to use the lunch and break time to take up issues that need to be addressed outside the presence of the jury.

5. The Court expects to give the bulk of the jury instructions before the closing arguments are made.

6. The motions in limine are resolved as stated at the pretrial conference. In brief, Plaintiff's motion in limine to exclude matters relating to the state indictment was resolved by the parties; the state indictment and the underlying events relating to it are excluded. The Court further excluded Defendant's proposed exhibits 9, 10, and 11 as irrelevant and pursuant to Rule 403. Defendant's motion in limine regarding damages was resolved by Plaintiff conceding that the motion's description of the law was accurate, and that Plaintiff would not argue (directly or indirectly) for a particular dollar figure, while retaining his right to suggest a methodology to the jury. Defendant's motion in limine regarding Plaintiff's time in SHU was **DENIED** for the reasons stated at the pretrial conference. The six years of time before the alleged retaliation is relevant to, at least, the amount of damages for the time in maximum security after the alleged retaliation even though its legitimacy is not at issue, and it will not be confusing to the jury (which is going to know Plaintiff's classification as part of his identification in the CLASI lawsuit). Defendant was requested to submit a proposed jury instruction related to the fact that time spent in SHU before October 24, 2015, was not part of the claim for damages.

7. The Court overruled objections to Plaintiff's proposed exhibits 7 and 11 and sustained objections to Plaintiff's proposed exhibits 16 and 17 (noting that "feasibility" as a basis for admission for those two exhibits required that "feasibility" be a disputed issue; if feasibility becomes an issue, Plaintiff may re-raise the question of admissibility), and Plaintiff withdrew proposed exhibits 18 and 24. The Court sustained Plaintiff's objection to Defendant's proposed exhibit 8. Unless specifically discussed above in paragraph 6 or 7, the Court did not resolve objections to exhibits. The Court did take under advisement objections to Defendant's proposed exhibits 1 to 7.

8. The Court requested that Plaintiff submit the proposed testimony of Troxler and Maduka-Ezeh, for a determination whether the testimony is admissible Rule 30(b)(6) testimony even though both are available to testify at trial. The Court rejected the claim that Rule 32(a)(3) supported the admission of the testimony. (*See* PTO at pp. 13-14).[1]

9. Any trial logistics should be coordinated through the Courtroom Deputy.

10. The Court is awaiting word on whether there is consent to trial before a magistrate judge, as the undersigned judge is not available to try the case.

11. The Court stated its intent to have a voir dire question concerning the ACLU and CLASI.

12. After a colloquy with the counsel for Defendant, including various representations about DOC's plan for Plaintiff's housing, the Court declined to order any change to Plaintiff's housing.

                                                                                   /s/ Richard G. Andrews
                                                                                   United States District Judge

---

[1] If the Court has misstated any of its rulings, the Court requests that the parties promptly advise. The written order is not meant to change any of the rulings during the pretrial conference.