

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX: (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX: (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX: (302) 577-6499

July 9, 2021

**Via CM/ECF**
The Honorable Jennifer L. Hall
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 17
Room 3124
Wilmington, DE 19801

    Re:    *Szubielski v. Pierce*
                 C.A. No. 15-984-JLH

Dear Judge Hall:

      Please allow this letter to serve as Defendant's response to the Court's Oral Order that the parties submit any objections or proposed corrections to the Court's Proposed Final Jury Instructions and Proposed Verdict Form. D.I. 174. The Defendants make the following objections and proposed corrections.

Regarding the Proposed Final Jury Instructions, Defendant submit the following:

- On page 4 of the Proposed Final Jury Instructions, Defendants believe that the language regarding stipulated or judicially noticed facts may be omitted as there are no stipulated or judicially noticed facts in this case.

- On page 15 of the Proposed Final Jury Instructions, Defendant objects that the second element of the retaliation claim, adverse action, is not disputed. Defendants submit that whether Mr. Szubielski suffered an adverse action is disputed. Defendants, in the Pretrial Order, specifically raised and preserved the issue of whether Mr. Szubielski suffered an adverse action. D.I. 143 at 11, Section IV(B)(1). Counsel for Defendant also elicited testimony from Plaintiff that he continued to filed lawsuits after the veto. Defendants propose that the language should read:

      Second: Mr. Szubielski must demonstrate that he suffered an adverse action. An Adverse action is an action that would have

> deterred Mr. Szubielski from engaging in constitutionally protected activity.[1]

- Defendant also proposes a limiting instruction between pages 16 and 17 that the jury may not infer anything due to Mr. Pierce's absence at trial. Plaintiff should be precluded from arguing that Mr. Pierce's absence at trial should be considered when the jury is rendering its verdict. See *Pierce v. City of Philadelphia*, 391 F. Supp. 3d 419, 437 (E.D. Pa. 2019), *aff'd*, 811 F. App'x 142 (3d Cir. 2020) ("Counsel objected to the City's reference to Mayor Kenney's absence from trial; the Court agreed that the City's counsel had gone too far in pointing out the Mayor's absence.") The Defendant submits the following language for the Court's consideration:

> You may have noticed that the Defendant, Mr. Pierce was excused yesterday after his testimony and is not here today. You may not infer anything by Mr. Pierce's absence. The fact that Mr. Pierce was excused and is now absent may not be considered when you render your verdict.

Regarding the Proposed Verdict Form, Defendant submit the following:

- Consistent with Defendant's position regarding adverse action, discussed *supra*, Defendant submits that the verdict form should contain another item regarding adverse action for the jury to rule upon. The Defendant proposes, that between items 1 and 2, the following should be added:

> Did Gerard Szubielski prove that he suffered an adverse action as a result of the veto?

Counsel for Defendant is available to the Court if this letter raises any questions.

Respectfully Submitted,

*/s/ Kenneth L. Wan*
Kenneth L. Wan
Deputy Attorney General

CC: All counsel of record (Via CM/ECF)

---

[1] An action is "adverse" if it was sufficient to deter a person of ordinary firmness form exercising his "constitutional rights.'" *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000). Whether a person of ordinary firmness would be deterred is a question of fact. *Id. See Crist v. Phelps*, 810 F. Supp. 2d 703, 709 (D. Del. Sept. 15, 2011) (inmate's transfer to administrative segregation was not an adverse action because he continued to send complaint letters to the Commissioner about his prison conditions); *Smith v. Hayman*, 2012 WL 1079634, at *21 (D.N.J. Mar. 30, 2012), *aff'd*, 489 F. App'x 544 (3d Cir. 2012) (change in inmate's housing assignment was not an adverse action because he "continued to use correspondence, grievance forms and court complaints to address his issues and concerns"); *Gordon v. Lappin*, 2007 WL 1469655, at *2 (3d Cir. May 21, 2007) (alleged retaliatory actions were not sufficiently adverse to deter an inmate "from exercising his right of access to the courts," who had thirty-one lawsuits).